UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES J. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-3318 |
| | ) |
| WEXFORD HEALTH CARE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MERIT REVIEW ORDER #2</u>**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 9). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 11). The motion is granted.

The case is again before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that on November 1, 2022, he was awoken by security staff and told he had to take his medication. Plaintiff told the correctional officer that he does not take medication at this time in the morning, but the correctional officer told him that he would be disciplined if he

did not go to healthcare. At healthcare, Defendant Jeremy Lake, the med-tech, told Plaintiff that the doctor proscribed him the medication. Plaintiff asked if he could refuse, but Defendant Lake told him he would be written up if he refused, so Plaintiff took the medication.

Plaintiff promptly wrote to Defendant Stephanie Howard, the Health Care Administrator, and asked her how he could be prescribed a new medication when he had not seen the doctor in sixty days. She did not respond. Three days later, Plaintiff spoke to Defendant Howard in person during a walk-through. Plaintiff told her that the new medication was making his chest hurt, making him feel weak, and causing loose bowels. Plaintiff told her that he had not seen the doctor to change this medication. Defendant Howard told him to take the medication or he would get a ticket. When Defendant Lake gave him the medication the next morning, Plaintiff asked what the medication was. Defendant Lake told him it was Abilify. Plaintiff told Defendant Lake that he was not prescribed this by the doctor. Defendant Lake said that he would look into it, but that if Plaintiff refused to take the medication he would be written up.

On November 15, 2022, Plaintiff asked Defendant Lake if there was another individual named Charles Brown at the facility. Defendant Lake looked it up and said yes. The next morning, Plaintiff was removed from taking the medication. Plaintiff alleges numerous side effects from taking this medication.

Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Stephanie Howard and Jeremy Lake. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

Plaintiff cannot proceed against the Defendant Warden Dewitt on a theory of respondeat superior, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and he does not make any specific claims that Defendant Dewitt was involved during the period he received the wrong medication. Plaintiff also does not plausibility state a claim against Defendant Wexford. *See Monell v. Dep't*

*of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Accordingly, Defendant Dewitt and Defendant Wexford are dismissed from this action.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Leave to File an Amended Complaint [11] is GRANTED. The Clerk is directed to docket the proposed amended complaint attached to the motion.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Howard and Lake. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any

motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to terminate Defendants Dewitt and Wexford as defendants.

13. The clerk is directed to attempt service on Stephanie Howard and Jeremy Lake pursuant to the standard procedures.

14. Plaintiff's Motion to Proceed in forma pauperis [12] is DISMISSED as moot. Plaintiff has already been granted leave to proceed in forma pauperis.

Entered this 23rd day of April 2024.

                                              */s/ Sara Darrow*
                                              SARA DARROW
                                        CHIEF U.S. DISTRICT JUDGE